UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON ESTUARDO MAYEN<br>(A# 221-489-310),<br><br>                    Petitioner,<br><br>          v.<br><br>WARDEN, CALIFORNIA CITY<br>DETENTION CENTER, et al.,<br><br>                    Respondents. | No.  1:26-cv-2354 DAD AC<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a federal immigration detainee proceeding with counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).  For the reasons stated below, the undersigned recommends that the petition be granted and petitioner be released.

FACTUAL BACKGROUND

Petitioner, Wilson Estuardo Mayen (A#221-489-310), is a native and citizen of Guatemala.  ECF No. 3 at 1-2.  He entered the United States in or around 2017.  Id. at 2.  Prior to his detention on February 14, 2026, petitioner had no contact with Immigration and Customs Enforcement ("ICE").  Id.; ECF No. 9 at 2.  Petitioner remains in ICE custody[1] without a bond

_____

[1] ICE's Online Detainee Locator System indicates petitioner is currently detained at California City Immigration Processing Center.  U.S. Immigration and Customs Enforcement, Online

1

hearing.  ECF No. 1 at 2-3.

PROCEDURAL BACKGROUND

Petitioner, through counsel, filed an application for a writ of habeas corpus and a memorandum of points and authorities and exhibits in support of his petition.  ECF No. 2-4.  The undersigned issued a minute order construing the petition and the memorandum of points and authorities to assert that petitioner's detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause.  ECF No. 8.  Respondents were "directed to file an answer/return within fourteen days from the order, substantively addressing whether there are any factual or legal issues that materially distinguish this case from Quichimbo-Jimenez v. Warden, No. 2:26-cv-0739 DAD EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026) and Martinez Vega v. Warden, No. 2:26-cv-1043 DAD SCR, 2026 WL 849857 (E.D. Cal. Mar. 27, 2026), with respect to the violation of INA claim."  Id.  Respondents were further directed to include any and all documents necessary to support their view of the facts if they dispute any factual representations in the operative petition.  Id.  Petitioner was given seven days from the filing of an answer/return to file a reply, if any.  Id.

On April 15, 2026, respondent filed a motion to dismiss and a response to the petition for writ of habeas corpus.  ECF No. 9.  Although the deadline to file a reply has not run, for the reasons discussed below the undersigned finds further briefing is unnecessary to make findings and recommendations in this action.

PETITION FOR WRIT OF HABEAS CORPUS

The petition asserts petitioner is unlawfully detained in violation of the Fifth Amendment Due Process Clause to the United States Constitution and the Immigration and Nationality Act ("INA").  ECF No. 3 at 4; see also ECF No. 2 at 3.  By way of relief, petitioner seeks his immediate release from custody or within seven days, a bond hearing in immigration court in which the government has the burden to prove by clear and convincing evidence.  ECF No. 3 at 5; ECF No. 2 at 4.

---

Detainee Locator System, available at https://perma.cc/CV2W-S73M (last visited April 17, 2026).

2

<u>LEGAL STANDARD</u>

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." <u>Hamdi v. Rumsfeld</u>, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). The writ of habeas corpus extends to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." <u>I.N.S. v. St. Cyr</u>, 533 U.S. 289, 301 (2001) (citation omitted), superseded by statute on other grounds, <u>Nasrallah v. Barr</u>, 590 U.S. 573580 (2020). "District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" <u>Lopez-Marroquin v. Barr</u>, 955 F.3d 759 (9th Cir. 2020) (citation omitted); <u>see also</u> <u>Zadvydas</u>, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

<u>DISCUSSION</u>

A.  <u>Violation Of the INA</u>

Respondent claims this case is materially distinguishable from those referenced in the undersigned's minute order with respect to the INA claim. <u>Id.</u> Specifically, respondent asserts that "Petitioner does not fall within the category of individuals described in the Court's prior decisions who were not otherwise subject to mandatory detention and were therefore entitled to a bond hearing under 8 U.S.C. § 1226(a)" and that "[u]nlike the petitioners in those cases, Petitioner here had no prior immigration encounters and was not previously released from immigration custody before the encounter that led to his current detention. Rather, Petitioner was encountered by ICE officers, placed in removal proceedings, and has remained continuously detained pending those proceedings." <u>Id.</u> at 2-3. Respondent argues that the petition should be denied because petitioner is "an 'applicant for admission' who is subject to mandatory detention

by ICE under 8 U.S.C. § 1225(b)(2)" and "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." ECF No. 9 at 2. The court disagrees.

Although the evidence in Quichimbo-Jimenez revealed that petitioner had a prior encounter with immigration authorities and had been released before his re-detention, those facts were discussed in the context of Quichimbo-Jimenez's due process claim, not his INA claim. Quichimbo-Jimenez, 2026 WL 679378, at *2. With respect to the INA claim, the court addressed it's prior ruling in Rangel v. Noem, No. 1:25-cv-0084 DAD CSK, 2026 WL 739996 (E.D. Cal. Jan. 9, 2026), which relied on Maldonado Bautista v. Noem, No. 5:25-cv-1873 SSS BFM, 2025 WL 3678485, at *32 (C.D. Cal. Dec. 18, 2025), and Rangel's membership in the Maldonado Bautista Bond Eligible Class. Id. The Maldonado Bautista Bond Eligible Class was certified as follows:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

Rangel, 2026 WL 739996, at *2 (quoting Bautista, 2025 WL 3713987, at 32). In Quichimbo-Jimenez, this court found that, despite the Ninth Circuit temporarily staying the district court's decision in Maldonado Bautista outside of the Central District of California, the analysis in Maldonado Bautista was persuasive regarding the requirements of the INA, and concluded that "to the extent [Quichimbo-Jimenez] is in the *same class of petitioners described* by the undersigned's prior order in Rangel, petitioner is subject to 8 U.S.C. § 1226(a) rather than § 1225(b)" and accordingly "entitled to a bond hearing pursuant to § 1226(a)."

Here, petitioner's circumstances are akin to the class of petitioners referenced in Quichimbo-Jimenez. As respondent concedes "Petitioner entered the United States without inspection," petitioner "had no prior immigration encounters and was not previously released from immigration custody," and was not subject to 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time of his initial detention. ECF No. 9 at 2. Accordingly, the undersigned finds that, with

4

respect to the INA claim, petitioner's case is not materially distinguishable from Quichimbo-Jimenez.

Similarly, in Martinez Vega, the petitioner entered the United States without inspection and was encountered and detained by immigration authorities for the first time years later. Martinez, 2026 WL 849857, at *2.  There, this court incorporated and adopted the reasoning in Quichimbo-Jimenez and found that petitioner was not legally detained under 8 U.S.C. § 1225.  Id. Because petitioner's circumstances are similar to those of the petitioner in Martinez Vega, the undersigned finds petitioner's case is not materially distinguishable from Martinez Vega.

Quichimbo-Jimenez and Martinez Vega are not the exception.  In several other cases, this court, as well as the majority of other courts, have generally concluded that § 1226(a) rather than § 1225(b)(2) applies to noncitizens living in the United States who, prior to their current detention, had not been detained by immigration authorities and are not subject to mandatory detention under § 1226(c) or post-removal order detention under § 1231.  See e.g., Alvarez-Maciel v. Noem, No. 1:26-cv-1318 DC CKD, 2026 WL 496948, at *4 (E.D. Cal. Feb. 23, 2026) (finding petitioner, who was present in the United States for twenty years prior to his detention, is likely to succeed on his claim that he has been unlawfully denied a bond hearing in violation of § 1226(a)) (collecting cases); Perez Perez v. Warden, No. 2:26-cv-0873 DJC AC, 2026 WL 788131, at *1 (E.D. Cal. Mar. 20, 2026) (finding petitioner, who had "been present in the United States for years prior to his present detention," cannot be detained under § 1225(b)(2) and is "entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a)");[2] Valencia Cardenas v. Chestnut, No. 1:26-cv-2073 DAD SCR, 2026 WL 758871, at *1 (E.D. Cal. Mar. 20, 2026) (finding petitioner, who was present in the United States without evidence of a prior ICE encounter, can only be detained under 8 U.S.C. § 1226(a), not § 1225(b)(2)); E.L.D.M. v. Becerra, No. 1:25-cv-1906 DJC JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025) (finding petitioner, who was living in the United States for 20 years prior to his detention, is likely to

---

[2]  The original order mistakenly listed an incorrect case number: 2:26-cv-1335 DJC AC.  Perez Perez, 2026 WL 78813.  On March 25, 2206, the order was replaced to reflect the correct case number. Perez Perez v. Warden, No. 2:26-cv-0873 DJC AC (E.D. Cal.), ECF Nos. 8, 11.

succeed on the merits of his claim that he is unlawfully detained under 8 U.S.C. § 1225(b)(2)'s mandatory provision and is entitled to the rights afforded under 8 U.S.C. § 1226(a)); Morillo v. Albarran, No. 1:25-cv-1533 DJC AC, 2025 WL 3190899, at *4 (E.D. Cal. Nov. 15, 2025) (finding petitioner, who was present in the United States for 19 years prior to his detention, is likely to succeed on merits of his claim that he is entitled to the rights afforded under 8 U.S.C. § 1226(a)).[3] This court has also found that when ICE unlawfully detains noncitizens under § 1225(b)(2) and does not afforded them a bond hearing under 8 U.S.C. § 1226(a), the appropriate remedy to preserve the *status quo ante litem* is release. Alvarez Maciel, 2026 WL 496948, at *5; Perez Perez, 2026 WL 788131, at *1; Valencia Cardenas, 2026 WL 758871, at *1; E.L.D.M, 2025 WL 3707140, at *6; Morillo, 2025 WL 3190899 at *5.

The undersigned is persuaded by the well-reasoned analysis in the above cited cases. Accordingly, the undersigned incorporates and adopts the reasoning in those cases and finds petitioner, who was not apprehended upon arrival and has been living in the United States for several years, is not lawfully detained under 8 U.S.C. § 1225(b)(2). Under the current facts, the relevant detention authority is 8 U.S.C. § 1226(a), which entitles petitioner to a bond hearing.

Because respondent does not assert an alternative lawful basis for petitioner's detention, the court finds petitioner's detention violates the INA and recommends that respondent's motion to dismiss be denied, the petition granted, and that petitioner be released.

---

[3] Cf. Mendoza v. Warden of the Golden State Annex, No. 1:25-cv-2030 CSK, 2026 WL 310116, at *3 (E.D. Cal. Feb. 5, 2026) (citing collected cases finding that non-citizens in the interior of the country are not 'seeking admission' within the meaning of § 1225); Amaya-Quinteros v. Corecivic, Inc., No. 1:25-cv-1672 AC, 2025 WL 3687687642, at *10 (E.D. Cal. Dec. 19, 2025) (finding "that the plain language of the statutes, the overall structure of these statutes, the Supreme Court's interpretation of the statutes, the intent of Congress, and the long-standing practice of applying § 1226(a) prior to 2025 to noncitizens like petitioner . . . makes clear that § 1226(a) is the appropriate statutory framework for noncitizens like petitioner who are *already in* the country and not subject to § 1226(c)") (emphasis in original); Morales-Flores v. Lyons, No. 1:25-cv-1640 TLN EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (citing collected cases rejecting the Department of Homeland Security's new policy, adopting an expansive definition for "applicant for admission" under 8 U.S.C. § 1225(b)(2) to include all noncitizens unlawfully present in the United States); Josue I.C.A. v. Lyons, No. 1:25-cv-1542 SKO, 2025 WL 3496432, at *3 n.6 (E.D. Cal. Dec. 5, 2025) (same); Aquino v. LaRose, No. 25-cv-2904 RSH MMP, 2025 WL 3158676, at *3 (S.D. Cal. Nov. 12, 2025) ("the overwhelming majority of courts to address the issue have agreed that Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen in Petitioner's position who has resided in the United States for many years") (collecting cases).

B.  Respondent's Request for Abeyance

Respondent alternatively requests that the court hold this case in abeyance pending the Ninth Circuit's resolution of the appeal in Rodriguez v. Bostock, No. 25-6842 (9th Cir.).  ECF No. 9 at 3.  The court, however, should decline to hold the petition in abeyance for two reasons.  First, the timeline for a decision in Rodriguez v. Bostock is uncertain.  Second, respondent has failed to show abeyance is proper or warranted.  Am. Life Ins. Co. v. Stewart, 300 U.S. 203, 215 (1937) ("In the exercise of a sound discretion," a court may "hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same."); Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (the court must weigh "'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962))); Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) ("'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" (quoting Landis v. N. Am. Co., 299 U.S. 248, 255 (1936))).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's petition for writ of habeas corpus (ECF No. 3) be GRANTED as follows.

    a.  Respondent be ORDERED to:

        i.  IMMEDIATELY RELEASE petitioner from respondent's custody.

        ii.  RETURN all of petitioner's documents and possessions upon his release from custody.

        iii.  FILE a notice of compliance within three (3) days of any order adopting these findings and recommendations, confirming petitioner's release from custody and the return of his documents and possessions.

    b.  Respondent be PERMANENTLY ENJOINED and RESTRAINED from re-

7

detaining petitioner under 8 U.S.C. § 1226(a), unless petitioner is provided with a bond hearing pursuant to 8 C.F.R. § 1236.1(c)(8).

2. The order enjoining respondent state the order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. Respondent's motion to dismiss (ECF No. 9) be DENIED.

4. Judgement be entered in favor of the petitioner and the Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 20, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8