UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSON ESTUARDO MAYEN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br><br>Respondent. | No. 1:26-cv-02354-DAD-AC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF *HABEAS CORPUS*, AND DENYING RESPONDENTS' MOTION TO DISMISS<br><br>(Doc. No. 3, 9, 10) |

Petitioner Wilson Estuardo Mayen, A-File No. 221-489-310, is a federal immigration detainee proceeding through counsel with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In his habeas petition, petitioner alleges the following.

Petitioner entered the United States in 2017 and has resided in the country for approximately nine years. (Doc. No. 3 at 2.) Petitioner was detained by Immigration and Customs Enforcement ("ICE") during an "enforcement action (raid) in Maryland targeting other individuals." (*Id.*) Petitioner appeared for a Master Calendar Hearing in immigration court on March 25, 2026, and requested clarification regarding his bond eligibility. (*Id.* at 3.) No bond

1

hearing was scheduled and the Immigration Judge ("IJ") took the position that he or she lacked jurisdiction to consider bond in petitioner's case. (*Id.*) Petitioner does not have any criminal history. (*Id.*) Petitioner does have a history of employment in the United States and relatives who live in Redwood City, California. (*Id.*)

Respondent has not disputed the allegations in petitioner's habeas petition. (*See* Doc. Nos. 9, 11.)

On April 20, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of *habeas corpus* (Doc. No. 1) be granted. (Doc. No. 10.) Specifically, the assigned magistrate judge found that the statutory authority governing petitioner's detention is 8 U.S.C. § 1226(a) and that petitioner's on-going detention violates due process. (*Id.* at 3–6.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 8.) On April 28, 2026, respondents filed objections to the magistrate judge's findings and recommendations. (Doc. No. 11.) Respondents object on the following grounds: (1) petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), not discretionary detention under § 1226(a); and (2) at most, petitioner is entitled to a bond hearing pursuant to § 1226(a), not immediate release from respondents' custody or a permanent injunction enjoining future detention absent a hearing where respondents bear the burden of proof.[1] (*Id.* at 1–2.)

With regard to respondent's first objection that petitioner is an "applicant for admission" subject to mandatory detention pursuant to § 1225(b), the undersigned has rejected this argument as applied to similarly situated petitioners on several prior occasions. *See e.g.*, *Quichimbo-Jimenez v. Warden, California City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026) (rejecting respondents' interpretation of § 1225).

/////

---

[1] Respondent appears to misinterpret the pending findings and recommendations. The magistrate judge recommended that respondent be permanently enjoined and restrained from re-detaining petitioner under § 1226(a), unless petitioner is provided with a bond hearing pursuant to 8 C.F.R. § 1236.1(c)(8). Section 1236.1(c)(8) places the burden of proof on the noncitizen, not on the government.

2

With regard to respondent's second objection, respondent argues that even assuming petitioner is subject to discretionary detention pursuant to § 1226(a), he is not entitled to his immediate release.  However, petitioner cannot be properly detained pursuant to § 1226(a) if a warrant was not issued for his arrest.

> "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla*, 2025 WL 2688541, at *11. "Section 1226(a) plainly states: 'On a warrant issued by the Attorney General, a [noncitizen] may be arrested and detained . . . ." *Chogllo Chafla*, 2025 WL 2688541, at *11 (quoting 8 U.S.C. § 1226(a)). "As such, it follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Id.* "To put it simply, [petitioner's] detention[ ] [is] improper because there is no evidence in the record that [he was] arrested pursuant to a warrant." *Id.* "Since the Government did not comply with the plain language of section 1226(a), [petitioner's] immediate release is justified." *Id.*; *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV-00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025) (reaching the same conclusion).

*J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (ordering the petitioner's immediate release after determining petitioner could not be detained pursuant to § 1225(b) and had not been properly detained pursuant to § 1226(a)). Based on the parties' filings, there is no evidence before the court that the government issued a warrant for petitioner's arrest when he was detained on March 25, 2026.  Consequently, petitioner is not properly detained pursuant to § 1226(a).  Respondents have not suggested that any other detention authority justifies petitioner's detention.  Therefore, the court finds that petitioner's detention is not authorized by statute and the appropriate remedy is petitioner's immediate release.  *See Cardenas v. Chestnut*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871, at *1 (E.D. Cal. Mar. 20, 2026) (ordering the petitioner's immediate release where the respondent failed to identify an applicable detention statute to justify the petitioner's detention); *see also Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) ("Given that the government does not assert any other basis for petitioner's detention and does not argue that petitioner presents a flight risk or danger, the appropriate remedy is petitioner's immediate release.").

/////

/////

For the reasons explained above:

1.  The findings and recommendations issued on April 20, 2026 (Doc. No. 10) are ADOPTED IN FULL;

2.  Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a.  Respondents are ORDERED to immediately release petitioner Wilson Estuardo Mayen, A-File No. 221-489-310, from respondents' custody under the same conditions he was subject to prior to his re-detention;

    b.  Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(c)(8); and

    c.  Respondent is ORDERED to return all of petitioner's documents and possessions upon his release from custody;

3.  Respondents' motion to dismiss the petition (Doc. No. 9) is DENIED;

4.  The Clerk of the Court is directed to serve the California City Detention Center with a copy of this order; and

5.  The Clerk of the Court is directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **April 28, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE